**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL WAYNE BENSON,** | : | |
| Plaintiff | : | |
| | : | **CIVIL NO. 3:CV-15-1535** |
| v. | : | |
| | : | (Judge Caputo) |
| **CUMBERLAND COUNTY PRISON,** *et al.*, | : : | |
| Defendants | : : | |

**M E M O R A N D U M**

**I.   Introduction**

Michael Wayne Benson, an inmate confined at the Cumberland County Prison (CCP) in Carlisle, Pennsylvania, filed this *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, alleging Eighth Amendment conditions of confinement and denial of medical care claims against CCP and Prime Care Medical.  (Doc. 1.)  Mr. Benson also filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.)

The Complaint is before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B).  For the reasons outlined below, Mr. Benson's motion to proceed *in forma pauperis* will be construed as a motion to proceed without full prepayment of the filing fee and granted, however, Mr. Benson's Complaint will be dismissed with leave to submit an amended complaint.

**II.     Background**

Since 2014, Mr. Benson has been admitted to CCP on several occasions. Upon each admission he was detoxifying from opiates and benzodiapines. (Doc. 1, Compl.)

During a January 2014 admission, Mr. Benson was assigned an upper bunk allegedly contrary to prison policy for inmates who are detoxifying. When he complained to an unidentified corrections officer about his housing assignment, he was told him to sleep on the floor. Mr. Benson admits he did not sleep on the floor and later fell from the top bunk. He was taken to the medical department where he was given an x-ray. While the x-ray results were negative, Mr. Benson was badly bruised as a result of his fall. (*Id*., ECF p. 5).

In August 2014, during another admission to CCP, Mr. Benson was administered Vistaril, an antihistamine, during the detoxification process. Mr. Benson has a known allergy to Vistaril which is reflected in his prison medical chart. He suffered an allergic reaction to the Vistaril. (*Id*., ECF p. 4).

In January 2015, during another commitment to CCP, Mr. Benson, again in the process of detoxifying, was placed in a cell with another inmate who also had a bottom bunk designation due to medical reasons. When Mr. Benson complained to prison staff of this conflict, he was again told to sleep on the floor. This time he complied and slept on the floor for several months until his cellmate was released. (*Id*.)

Finally, Mr. Benson claims that after being moved to disciplinary status, copies of his prison grievances complaining about his housing "mysteriously" disappeared. (*Id*.)

As relief, Mr. Benson seeks monetary damages for his mental and physical pain. He also seeks injunctive relief in the form of a requirement that the the medical department developing a better system of checking their patients' drug allergies before administering medication.

### III.   Standard of Review

The court is required to screen Mr. Benson's Complaint pursuant to 28 U.S.C. § 1915A(a).  The court must dismiss a complaint, or any portion thereof, if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).  Under Rule 12(b)(6), we must "take as true all the factual allegations of the [complaint] and the reasonable inferences that can be drawn from them, but we disregard legal conclusions and recitals of the elements of a cause

of action, supported by mere conclusory statements." *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (quotation marks omitted and citation omitted).

"The test in reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6) is whether, under any 'plausible' reading of the pleadings, the plaintiff would be entitled to relief." *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764 (3d Cir. 2013)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).  To satisfy this standard, a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964. Nonetheless, a complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570, 127 S.Ct. at 1974.  "The plausability standard is not akin to a 'probabililty requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965). "[L]abels and conclusions" are not enough, *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Id*., 127 S.Ct. at 1965 (quoted case omitted).

A complaint filed by a *pro se* plaintiff must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184 (3d Cir. 2015)(citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127

S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Nonetheless, the complaint still "must contain allegations permitting 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Jackson v. Div. of Developmental Disabilities*, 394 F. App'x 950, 951 n.3 (3d Cir. 2010)(per curiam) (nonprecedential) (quoted case omitted). Pro se litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 861 (3d Cir. 2014).

**IV.  Discussion**

To successfully state a § 1983 claim, a plaintiff must allege: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct complained of deprived the plaintiff of rights, privileges, or immunities secured by the laws or the Constitution of the United States. *Rehberg v. Paulk*, ___ U.S. ___, ___, 132 S.Ct. 1497, 1501, 182 L.Ed.2d 593 (2012); *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011).

To establish liability for the deprivation of a constitutional right, an individual government defendant must have personal involvement in the alleged wrongs; liability cannot be predicated based on the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948; *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). "It is uncontested that a

government official is liable only for his or her own conduct and accordingly must have had some sort of personal involvement in the alleged unconstitutional conduct." *Argueta v. U.S. I.C.E.*, 643 F.3d 60, 71-72 (3d Cir. 2011). This personal involvement can be shown where a defendant personally directs the wrongs, or has actual knowledge of the wrongs and acquiesces in them. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)(noting that "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"). A defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201-202 (3d Cir. 2000).

In the instate case, Mr. Benson seeks to challenge his alleged receipt of inadequate medical care and his conditions of confinement during various admissions to CCP. He names only CCP and Prime Care Medical as Defendants. It is well established that a prison or correctional facility is not a "person" that is subject to suit under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Slagel v. Cnty of Clarion*, 435 F.3d 262, 264 n. 3 (3d Cir. 2006). As such, to the extent Mr. Benson names CCP as a Defendant, it is subject to dismissal from this action. Likewise, while Mr. Benson lists Prime Care Medical as a Defendant in this matter, he also fails to identify any particular employee of Prime Care and

associate them with the violation of any of his constitutional rights. Thus, the Court will dismiss the Complaint in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Nevertheless, as it appears that the possible identified deficiencies of the Complaint may be remedied by amendment, Mr. Benson will be granted twenty-one days to file an amended complaint.

Should Mr. Benson wish to file an amended complaint, he is advised that it must contain the same docket number as the instant action and should be labeled "Amended Complaint." In addition, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Mr. Benson is cautioned that any amended complaint he may file supersedes the original complaint and must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1. Consequently, all causes of action alleged in the original complaint which are not alleged in the amended complaint are waived.

Mr. Benson is also warned that his amended complaint must be concise and direct. *See* Fed. R. Civ. P. 8(d). Each allegation must be set forth in an individually numbered paragraphs in short, concise and simple statements. *Id.* The allegations should be specific enough as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights. *Iqbal*, 556 U.S. at 676, 129 S.Ct. at

1948.  He must also specify the relief he seeks with regard to each claim. Mr. Benson's failure to file an appropriate amended complaint within the required time will result in the dismissal of this action.

     An appropriate order follows.

                                      **/s/ A. Richard Caputo**
                                      **A. RICHARD CAPUTO**
                                      **United States District Judge**

**Date:  July 19, 2016**